## Bartram v. Commonwealth.

(Decided April 26, 1929.)

W. D. O'NEAL for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR. Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Bur Bartram was convicted of the offense of selling intoxicating liquors, and on this motion for an appeal insists that the verdict is not sustained by the evidence.

The prosecuting witness testifies that he met defendant on the road in front of his house, about 3 o'clock in the afternoon. He further testifies: "Well, I went to Mr. Bartram's and asked him if he had any whisky, and he said no, he didn't have any, and me and him was stand-

ing there talking. John Henseley come down the road. John come up to me and him standing there talking about the whisky, and John says, 'I can get you some whisky,' so I told him 'All right,' and I just turned around, and I think Mr. Bartram was standing talking. Well, when I looked around John was gone on up the road all right, went up and got a half gallon of whisky. He was gone about ten minutes—come—he come up over a little point. He come on back with a half gallon, set it down in the road. I said, 'John, I ain't got the money to give you for the whisky,' and John said, 'I don't do business that a way,' and Mr. Bartram turned around and said, 'He will pay you for it,' and John let me have the whisky.''

The defendant admits the conversation as stated, but denies that he was interested in the sale or had anything to do with the transaction. He explains that he thought the prosecuting witness ''was a good boy'' and merely remarked: ''He will pay you.'' The evidence is not sufficient to sustain a conviction. Clearly the defendant was a bystander, and, taken literally, the commonwealth's evidence refutes the theory of his participation in the sale. Considered in the light of all the surrounding circumstances, it is insufficient to show that defendant had any interest in the liquor sold or that he was aiding or abetting or assisting Henseley in making the sale.

On another trial if the evidence is substantially the same the court will give a peremptory instruction for defendant.

Wherefore the appeal is granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.